IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERIC PENA, )
)
        Petitioner, )
) CIVIL ACTION NO. 04-51J
v. )
)
TRACY JOHNS, WARDEN )
F.C.I. LORETTO, BUREAU OF PRISONS, ) JUDGE GIBSON
and UNITED STATES MARSHALS )
SERVICE, )
)
        Respondent. )

# Memorandum Order

**GIBSON, J.**

      This matter comes before the Court on the Petitioner's Motion to Introduce Respondents' Publicized Change of Policy (Document No. 15). The case *sub judice* has been closed since the Court adopted Magistrate Judge Pesto's Report and Recommendation by a Memorandum Order (Document No. 14) dated July 24, 2006. On that same date, the present motion was filed.

      The Petitioner indicates that he wishes to file "Written Objections" to the Report and Recommendation and argues that the Bureau of Prisons (hereinafter "BOP") should be required to re-designate him to a community confinement center (hereinafter "CCC") close to his residence in light of the Court of Appeals for the Third Circuit's ruling in the case of *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005). Although the court previously denied a Motion to Extend Time to File Objections by the Petitioner (Document No. 10), and also denied a subsequent motion to

reconsider (Document No. 13) that denial, the Court will treat this present motion as a motion to reconsider the Memorandum Order adopting the Report and Recommendation of the Magistrate Judge in light of the ruling in *Woodall* even though *Woodall* has been binding precedent since December 15, 2005. The Petitioner asserts that the decision of the Third Circuit in *Woodall* allows the BOP to designate him in accordance to the sentencing judge's recommendation to a CCC in the Western District of Pennsylvania. The Respondents have not responded to this motion.

A reading of *Woodall* reveals that the Third Circuit has ruled that the BOP must consider all factors set forth in 18 U.S.C. § 3621(b) when designating a person sentenced to a term of imprisonment and that the BOP's 2005 policy of categorically limiting confinement of a prisoner to a CCC to the lesser of the final six months or ten percent of the prisoner's sentence violates this statute. The Petitioner was previously designated under the 2002 policy of BOP, which said policy was refined and superseded by the 2005 policy. The 2002 policy prohibited CCC placement from the beginning of a sentence of imprisonment or at any future time at the discretion of the BOP, but the 2002 policy was found unlawful by the First and Eighth Circuits as it ignored "BOP's discretion to transfer an inmate to a CCC at any time, and therefore contrary to the plain meaning of § 3621." *Woodall* at 240. In response, the BOP proposed a new policy and "announc[ed] its *categorical exercise of discretion* for designating inmates to community confinement when serving terms of imprisonment" which was the categorical limitation of any prisoner's possible CCC placement time to the lesser of no more than the final six months or final ten percent of the "total sentence" absent application of "special statutory circumstances." *Woodall* at 240(emphasis added). The Third Circuit concluded that such categorical discretion offended the consideration of the factors found in 18 U.S.C. § 3621 and found the BOP's

2

policy "invalid." *Woodall* at 244. The Third Circuit now requires that the factors set forth in 18 U.S.C. § 3621(b) "apply to BOP determination regarding whether or not initial placements or transfers are appropriate." *Woodall* at 250-251.

The *Woodall* decision affects the Petitioner's designation in that the recommendation of the sentencing judge must be considered with the other four factors of § 3621(b) and that the BOP cannot conclude that placement in a CCC is prohibited until the final ten percent of time remaining on the Petitioner's sentence. However, the *Woodall* case does not stand for the proposition that because the sentencing judge recommended placement in a CCC in the Western District of Pennsylvania, that placement in a CCC in the Western District of Pennsylvania must be designated automatically. Therefore, the BOP must comply with the *Woodall* case in considering designation for the Petitioner, but the Court will deny the Petitioner's motion as the *Woodall* case does not guarantee the result the Petitioner seeks. The Petitioner shall forthwith report to the institution designated by the BOP.

3

**AND NOW**, this 7th day of August 2006, in consideration fo the Petitioner's Motion to Introduce Respondents' Publicized Change of Policy (Document No. 15), IT IS HEREBY ORDERED THAT the Petitioner's Motion is DENIED.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**